WILLIAM G. MALCOLM, #129271
KEVIN HAHN, #231579
MALCOLM ♦ CISNEROS, A Law Corporation
2112 Business Center Drive, Second Floor
Irvine, California 92612
Phone: (949) 252-9400
Facsimile: (949) 252-1032

Attorneys for Movant

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| In re<br><br>Stephen G. Davis and Tammy M. Davis,<br><br>Debtors.<br><br>BAC HOME LOANS SERVICING, LP F.K.A. COUNTRYWIDE HOME LOANS SERVICING, LP, and its successors and/or assignees,<br><br>Movant,<br><br>vs.<br><br>Stephen G. Davis and Tammy M. Davis, Debtors, and Beth Maxwell Stratton, Trustee,<br><br>Respondents. | Bankruptcy Case No. 09-61818<br><br>Docket Control No. WGM-1<br><br>Chapter 7<br><br>HEARING DATE:<br>DATE: January 5, 2010<br>TIME: 1:30 pm<br>CTRM: 11 |

**BAC HOME'S MOTION FOR RELIEF FROM AUTOMATIC STAY ON REAL PROPERTY (2844 South Tamarack Ct, Visalia, CA 93277); MEMORANDUM OF POINTS AND AUTHORITIES AND REQUEST FOR JUDICIAL NOTICE**

**TO THE HONORABLE WHITNEY RIMEL, UNITED STATES BANKRUPTCY COURT JUDGE, THE DEBTORS, THE DEBTORS' COUNSEL, THE TRUSTEE AND OTHER INTERESTED PARTIES:**

BAC HOME LOANS SERVICING, LP F.K.A. COUNTRYWIDE HOME LOANS SERVICING, LP, and its successors and/or assignees ("BAC HOME"), hereby moves this Court

for an order terminating the automatic stay of 11 U.S.C. §362 as to Movant in the above-entitled and numbered case so that Movant may commence and continue acts necessary to enforce its security interest in real property commonly known as 2844 South Tamarack Ct, Visalia, CA 93277.

BAC HOME requests relief from stay in the above numbered Chapter 7 case because there is no equity in the Property to benefit the Debtors or the estate and Movant's interest is not protected by an adequate equity cushion.

This Motion is based upon the attached Declaration and the Memorandum of Points and Authorities attached hereto, as well as upon the documents filed in support of the Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTORY STATEMENT

BAC HOME requests the Court to grant it relief from the automatic stay because there is no equity in the Property to benefit the Debtors or the estate and Movant's interest is not protected by an adequate equity cushion.

### II.

### STATEMENT OF FACTS

1. **The Secured Debt.** On or about December 18, 2006, Stephen G. Davis and Tammy M. Davis made and delivered a Promissory Note in the original principal amount of $233,600.00, secured by a First Priority Deed of Trust on the Property commonly known as 2844 South Tamarack Ct, Visalia, CA 93277 ("Property"). True and correct copies of the Note and Deed of Trust are attached as Exhibits "1" and "2," respectively.

2. **The Default Under The Note.** The Note and Deed of Trust are contractually due for the January 1, 2009 payment. As a result of the default, BAC HOME desires to record a Notice of Default and Election To Sell against the Property. The total delinquency under the Note is set forth in detail on Exhibit "3" to the Motion.

3. **The Debtors' Interest In The Property.** The Debtors are the owners of record of the Property.

4. **The Filing Of The Instant Petition.** On or about December 03, 2009,

Stephen G. Davis and Tammy M. Davis filed the instant Chapter 7 Petition as Case No. 09-61818.

     5.    **The Total Indebtedness Under The Note.** The total indebtedness owed to BAC HOME, exclusive of attorneys' fees, is as follows:

| | |
|---|---|
| Principal Balance: | $ 228,733.53 |
| Interest Accrued from December 1, 2008 to December 9, 2009 | $ 17,337.43 |
| Escrow Advance: | $ 2,168.70 |
| Total Fees: | $ 165.00 |
| Late Charges: | $ 1,023.65 |
| Other Fees Due: | $ 41.00 |
| **TOTAL:** | **$ 249,469.31** |

     6.    **The Total Liens On The Property.** The Property is encumbered by the following liens:

| SECURED CREDITOR | LIEN AMOUNT |
|---|---|
| 1.   BAC HOME (1st trust deed) | $ 249.469.31 |
| **TOTAL** | **$ 249,469.31** |

     7.    **The Value Of The Property.** By the Debtors' own admission, the Property has a fair market value of only $175,000.00. Accordingly, there is no equity in the Property to benefit the Debtors or the estate. True and correct copies of the Debtors' Schedules A and D are attached hereto as Exhibit "4."

### III.
### RELIEF FROM STAY SHOULD BE GRANTED UNDER SECTION 362(d)(2) BECAUSE THERE IS NO EQUITY IN THE PROPERTY, NOR REORGANIZATION IN EFFECT

The evidence demonstrates that there is no equity in the Property. By the Debtors' own admission, the Property has a fair market value of $175,000.00 while the total indebtedness on the Property is $249,469.31. Based on the foregoing and the liquidation nature of this Chapter 7 proceeding, the stay should be terminated immediately. BAC HOME has satisfied its burden under Section 362(d)(2).

## IV.
## RELIEF FROM STAY SHOULD BE GRANTED UNDER SECTION 362(d)(1) DUE TO THE LACK OF ADEQUATE PROTECTION FOR MOVANT.

The evidence demonstrates that BAC HOME is not protected by an adequate protection cushion. By the Debtors' own admission, the Property has a fair market value of $175,000.00 while the total amount owed to BAC HOME is $249,469.31. Based on the foregoing, the stay should be terminated immediately. BAC HOME has satisfied its burden under Section 362(d)(1).

## V.
## REQUEST FOR JUDICIAL NOTICE.

Pursuant to Rule 201 of the Federal Rules of Evidence, as made applicable herein by Rule 9017 of the Federal Rules of Bankruptcy Procedure, BAC HOME requests that the Court take judicial notice of the following facts:

1. The Debtors contend that the Property has a fair market value of $175,000.00. See Exhibit "4."

## VI.
## CONCLUSION.

For the foregoing reasons, and based upon the evidence set forth in this Motion, this Court should grant the relief from the automatic stay to allow BAC HOME to enforce its rights and remedies under its Note and Deed of Trust including a waiver of the 14-day stay provided by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure.

DATED: December 15, 2009                    Respectfully Submitted,

MALCOLM ♦ CISNEROS, A Law Corporation

By: /s/ William G. Malcolm
    WILLIAM G. MALCOLM
    Attorneys for Movant